IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:14-400-HMH |
| vs. | ) | |
| | ) | |
| Rathdaphone Vongdeuane, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Rathdaphone Vongdeuane's ("Vongdeuane") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court dismisses Vongdeuane's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2014, Vongdeuane pled guilty to one count of conspiracy to possess with the intent to distribute and distribute heroin and methamphetamine. Vongdeuane was sentenced on May 5, 2015, to sixty months' imprisonment. Vongdeuane did not appeal her conviction. Vongdeuane filed a § 2255 motion on April 25, 2016,[1] alleging among other things, that her counsel failed to file a notice of appeal as requested. The court dismissed Vongdeuane's § 2255 motion with leave to refile, vacated her sentence and judgment of conviction, and immediately reimposed and reinstated it. Vongdeuane appealed her conviction and sentence on May 16, 2016. The Fourth Circuit affirmed the court's judgment on November 29, 2016. United States v. Vongdeuane, No. 16-4292, 2016 WL 6958571, at *1 (4th Cir. Nov. 29, 2016) (unpublished). Vongdeuane filed the instant § 2255 motion on August 3,

---

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

2017, alleging ineffective assistance of counsel claims.[2] The court ordered Vongdeune to submit her motion in proper form on August 15, 2017. Vongdeuane submitted the motion in proper from on September 5, 2017.

## II. DISCUSSION OF THE LAW

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Vongdeuane must demonstrate that her counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by her counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Vongdeuane must demonstrate a "reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Vongdeaune alleges that her counsel was ineffective (1) because her plea was the "product of coercion," and (2) in failing "to present evidence contesting the gun enhancement under [the] U.S. Sentencing Guidelines." (§ 2255 Mot., generally, ECF No. 61-1.)

Vongdeaune alleges that her counsel was ineffective in using "inappropriate tactics to coerce [her] plea," failed to explain the "mandatory minimum" and to explain the impact the gun enhancement would have on "many [Bureau of Prisons, ("BOP"),] decisions and U.S. probation decisions." (Id., ECF No. 61.)

---

[2] Id.

To the extent that Vongdeune is arguing that her guilty plea was not knowing and voluntary due to ineffective assistance of counsel, this argument lacks merit. A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice she received from counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). "[C]ounsel may . . . advise h[er] client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).

As an initial matter, Vongdeuane has not alleged any facts to support her conclusion that she would not have pleaded guilty but for counsel's errors. Vongdeuane "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Strickland, 466 U.S. at 690.

Further, the Rule 11 colloquy reflects that Vongdeuane knowingly and voluntarily pled guilty. At her plea hearing, Vongdeaune stated under oath that she understood the charge against her, the potential penalties, the elements, and the rights that she was waiving by pleading guilty. (Guilty Plea Tr. 12-14, 17, ECF No. 507.) Further, she stated that no one had forced or coerced her into pleading guilty, and she was pleading guilty because she was guilty. (Id., ECF No. 507.) In addition, Vongdeuane answered, "no," when asked if "anyone, including [her] attorney, promised [her] what [her] actual sentence will be." (Id. 18, ECF No. 507.) Further, the court stated as follows:

> As to . . . Rathdaphone Vongdeuane, with less than one kilogram but 100-grams or more of heroin, the statute provides for 40 years -- a maximum sentence of 40 years imprisonment, a mandatory minimum of five years, maximum fine of $2 million, supervised release of at least four years, and not more than six years, special assessment of $100. Do you understand that?

3

(Id. 13-14, ECF No. 507.) Vongdeuane responded, "Yes, sir." (Id. 13-14, ECF No. 507.) In addition, when asked whether she had "thoroughly reviewed the plea agreement with your attorney," Vongdeuane answered, "Yes." (Id. 19, ECF No. 507.)

> [I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–permit[ting] quick disposition of baseless collateral attacks[.]

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) (internal quotation marks omitted). Based on the foregoing, Vongdeaune testified that no one forced or coerced her to plead guilty and she understood that the statute required a five-year mandatory minimum sentence. Thus, these claims are without merit.

Further, Vongdeaune's claim regarding the impact of the gun enhancement on her BOP classification and probation decisions also fails. Counsel is not ineffective for failing to advise Vongdeuane of the collateral consequence of the gun enhancement on Vongdeaune's classification in the BOP. See Jackson v. United States, Criminal No. L-03-0489, Civil No. L-06-1087, 2009 WL 485675, at *2 (D. Md. Feb. 26, 2009) (finding counsel not ineffective for failing to advise of impact of two-point gun enhancement on BOP classification) (unpublished) (citing United States v. Jeter, No. 97-7459, 1998 WL 482781, at *2 (4th Cir. Aug. 11, 1998) (unpublished)); United States v. Yates, Criminal No. 3:11-374-CMC, 2012 WL 5944907, at *1 (D.S.C. Nov. 28, 2012) (Defendant argued that he had "experienced prejudice in his classification in the Bureau of Prisons (BOP)" and court found that "[t]his collateral consequence of the execution of Defendant's sentence is not a valid basis for

4

§ 2255 relief."); Jones v. United States, No. 7:08-CR-105-01-F, 2010 WL 4484532, at *5 (E.D.N.C. Oct. 25, 2010) (unpublished) ("Even if defense counsel's representation could be said to have fallen below an objective standard of reasonableness, because [the defendant] has no statutory or constitutional right either to participate in the RDAP or to receive an early release from her mandatory minimum 60-month sentence, she cannot have been 'prejudiced' by her attorney's failure to object to the application of advisory U.S.S.G. § 2D 1.1(b)(1) at sentencing, or to the consequences thereof. [The defendant], therefore, is unable to establish both prongs of the *Strickland* 'ineffective assistance of counsel' test, her § 2255 claim on that ground also must fail.").

In addition, Vongdeuane alleges that her counsel was ineffective for failing "to present evidence contesting the gun enhancement under [the] U.S. Sentencing Guidelines [("U.S.S.G.")]." (§ 2255 Mot., generally, ECF No. 61-1.) Under the U.S.S.G., the offense level for a defendant who committed a drug trafficking offense must be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Further, Application note 11(A) provides: "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1) cmt. n.11(A).

Vongdeuane's counsel filed a lengthy sentencing memorandum outlining her argument in opposition to the gun enhancement and further objected to the two-point gun enhancement at the sentencing hearing, arguing that Vongdeuane was unaware of the presence of the firearm in the home where she resided. (Sentencing Memorandum, ECF No. 320.); (Sentencing H'rg Tr.

3-8, ECF No. 508.) The court found that the two-point gun enhancement set forth in paragraph 155 of the Presentence Investigation Report was properly applied, finding as follows:

> When you look at the totality of the circumstances, these pictures and the testimony and the evidence in the record, this was -- and from the undercover buys that I understand, this was a drug distribution house in which this family lived. And it was all out in the open to everybody. These pictures show drugs and everything just all out in the open. And she is a co-conspirator with her husband who carried out a gun -- had a gun in connection with the carrying out of the conspiracy. And cases have held the presence of guns to perpetuate illegal drug activity typically is reasonably foreseeable. I think it's -- for that and the totality of the circumstances I deny that objection.

(Sentencing H'rg Tr. 11, ECF No. 508.) The firearm belonged to her coconspirator husband, William Winfrey ("Winfrey"), and was found underneath a pillow in the bed. Vongdeuane alleges that her counsel should have offered a signed affidavit from Winfrey admitting ownership of the firearm and drugs and that the prosecution did not object to removal of the gun enhancement.

Winfrey's ownership of the gun and the drugs were not disputed at the sentencing hearing and had no impact on the court's finding that the gun enhancement was proper. Vongdeaune was a member of a drug conspiracy with others, including her husband, Winfrey. Vongdeuane is "subject to a sentence enhancement for [Winfrey's] possession of firearms if such possession was in furtherance of the conspiracy and reasonably foreseeable to" Vongdeuane. United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992). The gun was clearly connected with the drug conspiracy and reasonably foreseeable to Vongdeaune as the gun was found in the house where Vongdeune resided with Winfrey, in their bed underneath a

pillow. Further, there were drugs and drug paraphenelia present in plain view throughout the house. (Sentencing H'rg Tr., generally, ECF No. 508.)[3]

Further, contrary to Vongdeaune's argument, at the hearing, the Government argued for the application of the gun enhancement. At the sentencing hearing, the following exchange occurred, which establishes that the Government did not consent to removal of the gun enhancement:

> THE COURT: Does the Government want to argue?
> MS. HOWARD: Yes, Your Honor. I think the test is, as the Court has stated, is whether or not it's clearly improbable that the gun was not there -- or whether she knew or it was clearly probable the gun was not there for some kind of drug activity. And I think that the example that's used that it would not -- where it would not be -- the two levels be assessed is there's a hunting rifle somewhere in the house, an unloaded hunting rifle or something like that that wouldn't be probably used in some kind of connection with a drug offense.
> Here we have a loaded gun found in the marital bed in a very small house. Throughout the house there were also drug paraphernalia, drugs were found. I don't think that the defendant can prove that it's clearly improbable that that wasn't found.

(Sentencing H'rg Tr. 7-8, ECF No. 508.)

Further, even if the Government did not object to removal of the gun enhancement, the Government's position regarding the gun enhancement is not binding on the court. See (Guilty Plea Tr. 20, ECF No. 507 (advising Vongdeuane that "the Court is not bound by any agreement that you have with the Government")). In addition, Vongdeuane makes no showing that she would have received a different sentence if the two-point enhancement did not apply because Vongdeaune was sentenced to a mandatory minimum sentence of 60 months' imprisonment. Based on the foregoing, Vongdeuane's claims are without merit.

---

[3] Vongdeaune also states that her counsel failed to inform the court that she was pregnant. However, this fact would have no impact on the court's decision concerning the two-point gun enhancement. (§ 2255 Mot. 1, ECF No. 562.)

Therefore, it is

**ORDERED** that Vongdeaune's § 2255 motion, docket numbers 562 and 566, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Vongdeaune has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
September 8, 2017

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that she has the right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.